DUNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAYAKRISHNAN K. NAIR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID BROWN, DANIEL LEAL, COUNTY OF CLARK,<br><br>　　　　Defendants. | Case No. 2:25-cv-1257-APG-EJY<br><br>**ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |

　　　Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF No. 1, 1-1. Plaintiff's IFP is granted and the Court therefore screens the Complaint.

**I.　Screening Standard**

　　　The complaint of a plaintiff proceeding *in forma pauperis* is screened under the standard specified by 28 U.S.C. § 1915(e)(2). Under this standard, the reviewing court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

　　　*Pro se* pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However, a federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, courts treat all allegations of material fact stated in the

complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

Plaintiff identifies Clark County, David Brown (a Las Vegas Justice Court Hearing Master), and Daniel Leal (an attorney who apparently represented Plaintiff's landlord in the Justice Court matter) as defendants in this matter. It appears Plaintiff's Complaint concerns an eviction proceeding in Las Vegas Justice Court. ECF No. 1-1 at 5. Plaintiff's filings include a "Notice of Removal" in which he suggests this Court has jurisdiction under "federal question" and diversity. ECF No. 1-2. Plaintiff contends his removal deprived the Las Vegas Justice Court of jurisdiction, but the Court nonetheless continued its proceedings. ECF No. 1-1 at 6-7. Plaintiff complains about Hearing

Master Brown's conduct and intertwines a separate, now closed, U.S. District Court for the District of Nevada Case (Case No. 24-cv-2255, closed May 27, 2025 (ECF No. 25)) into his facts.[1] *Id*. Plaintiff argues that a "motion to reissue eviction order," brought in Justice Court on July 8, 2025, was "egregious and fraudulent" because an eviction order had not previously issued, the notice regarding the hearing on the motion was provided only three days before the hearing, and the Justice Court had no jurisdiction because "the matter … [was] still under Federal Jurisdiction." *Id*. at 7-8. Plaintiff apparently tried to stop the proceedings in Justice Court; however, on July 14, 2025 it appears an eviction order would issue. *Id*. at 8-9. Plaintiff says this case is a "corollary" to *Nair I* that is closed and on appeal and, alternately, he brings the action to stop Hearing Master Brown from issuing an eviction order. *Id*. at 9-10.

**III.  Analysis**

  A.  <u>Hearing Master David Brown is Immune from Suit</u>.

  As stated in *Kotab v. Eighth Judicial District Court*, Case No. 2:24-cv-00324-MMD-NJK, 2024 WL 1744705, at *2 n.3 (D. Nev. Apr. 23, 2024):

> Section 1983 claims against the State of Nevada, Supreme Court of Nevada, the Eighth Judicial District Court, Las Vegas Justice Court, and Supreme Court of Nevada—as a state and arms of the state—are barred by Eleventh Amendment immunity. *See Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (reiterating that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court"); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (stating that the Supreme Court of Nevada and a Judicial District Court of Nevada are "agencies of the state" that have Eleventh Amendment immunity).
>
> Plaintiff's claim[s] against David F. Brown, as the hearing master of the Las Vegas Justice Court, fail[] because judges and those performing judge-like functions, like Brown, have absolute immunity from suit for acts performed in their official capacity. *See Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) ("It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'"); *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981) ("If an official's role is functionally equivalent to that of a judge, the official will be granted equivalent immunity.").

All of Plaintiff's allegations regarding Defendant David Brown pertain to his actions as a hearing master and relate to the Justice Court proceeding over which Brown presided. ECF No. 1-1 at 3, 5-

---

[1]  Plaintiff's U.S. District Court for the District of Nevada Case, Case No. 24-cv-2255, is referred to herein as "*Nair I*." Plaintiff's subsequent efforts to reopen *Nair I* through reconsideration were unsuccessful. *Nair I*, ECF No. 29. *Nair I* is now on appeal.

9, 10-13. For this reason, Plaintiff's federal claims against David Brown fail as a matter of law and must be dismissed. *Williams v. Feldman*, Case No. 2:22-cv-01675-APG-NJK, 2023 WL 36190, at *3 (D. Nev. Jan. 3, 2023) *quoting Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018) ("judicial immunity is a common law doctrine developed to protect judicial independence.... It bars suits against judges, and other officials who exercise discretionary judgment similar to that of judges, when the plaintiff's suit is predicated on actions taken in the judge's judicial capacity.").

The Court also finds Brown is immune from suit asserting state law claims. *State v. Second Judicial Dist. Court*, 55 P.3d 420, 424 (Nev. 2002) (recognizing that judges are afforded absolute immunity in connection with their judicial functions); *Fasano v. Huff*, 129 Nev. 1113, 2013 WL 3229906 (Table) (Nev. June 14, 2013) (citing *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 346-47 (1871); *Duff v. Lewis,* 958 P.2d 82, 85 (1998) ("[p]arties cannot collaterally attack the conduct of judges in one action by filing a separate action; the judge is immune from suit"). *See also Marvin v. Fitch*, 232 P.3d 425, 429 (Nev. 2010) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978) for the proposition that judicial immunity applies to "administrative hearing examiner[']s]" because the position is "'functionally comparable' to that of a judge."'). For this reason, all of Plaintiff's state law claims against David Brown fail and must be dismissed.

        B.       <u>A Complaint in Federal Court is the Improper Vehicle for the Relief Plaintiff Seeks</u>.
               i.      *The Rooker Feldman Doctrine*.

In *Godwin v. Senior Garden Apartments*, the plaintiff brought claims arising from a state court eviction proceeding. Case No. 2:17-cv-02178-MMD-DJA*,* 2021 WL 4198395, at *1 (D. Nev. Sept. 14, 2021). The plaintiff claimed the landlord failed to fix essential services, discriminated against her under the Fair Housing Act and Nevada law, and engaged in sexual harassment. *Id*. The plaintiff proceeded against the defendant through several separate complaints in state court, each of which was dismissed on summary judgment and affirmed on appeal. *Id*. at **1-2. Thereafter, the plaintiff brought a federal action raising seven causes of action. *Id.* at *2*.*

After noting that federal courts are courts of limited jurisdiction, the Court in *Godwin* stated: "federal courts are … prohibited from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment under the *Rooker-Feldman* doctrine." *Id*. at *4 *citing*

4

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).[2] As stated in *Godwin*, "[a] federal district court dealing with a suit that is, in part, a forbidden *de facto* appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*. citing *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

It is unclear whether Plaintiff's state court eviction proceeding has concluded. Indeed, Plaintiff's prayer for relief seeks only consolidation with and reconsideration of *Nair I*, which is now closed and on appeal. ECF No. 1-1 at 14. However, even "to the extent Plaintiff[] ask[s] this Court to somehow 'stop' the state court proceedings, that request … would indeed … implicate[] the *Rooker-Feldman* doctrine, for this Court has no authority to sit in judgment of the state court's proceedings." *Sherrell v. Association of Apartment Owners of Crosspointe*, Civil No. 24-00492 MWJS-RT, 2025 WL 722713, at *10 (D. Haw. Mar. 6, 2025). In sum, "the *Rooker-Feldman* doctrine forbids federal courts from taking … action [when … t]he proper avenue for plaintiff's appeal of a state-court judgment lies in the state-court system." *Anderson v. Law Office of Timothy Martella*, Case No. CV 15-5628-AB (PLA), 2015 WL 13915256, at *2 (C.D. Cal. Aug. 13, 2025).

Plaintiff's instant Complaint asks the federal court to stop (and now, perhaps, reverse) the state court entry of an eviction notice and decide issues that are inextricably intertwined with his state court eviction proceedings. Plaintiff's claims solely concern the eviction proceedings over which Hearing Master Brown presided and in which Daniel Leal advocated for Plaintiff's landlord. Even if there is some merit to the claims made, Plaintiff must appeal the decision with which he takes issue rather than come to the federal court seeking intervention. *Noel*, 341 F.3d at 1155 ("In its routine application, the *Rooker-Feldman* doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court.").

---

[2] The *Rooker-Feldman* doctrine evolved from two United States Supreme Court cases. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

          *ii.*      *Abstention.*

Further, the Court notes that if for some reason the *Rooker Feldman* doctrine does not apply, the Court must abstain from interfering with those proceedings as Plaintiff brings this action to effectively enjoin the Las Vegas Justice Court from enforcing state law, which is a matter of pure state interest, and where Plaintiff has a right to appeal that he has not pursued. Under well settled law, this Court cannot ordinarily enter an order that would interfere with ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (explaining that a federal court must sometimes abstain from interfering with ongoing state proceedings). Absent "extraordinary circumstances," a district court will abstain from hearing a case when: (1) state proceedings are on-going; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Thus, the Court finds that if the eviction notice has not issued, and that status prevents the application of the *Rooker-Feldman* doctrine, the Court should nonetheless abstain from entering any order that would interfere with ongoing eviction proceedings.

          *iii.*      *Plaintiff does not state a viable claim.*

For sake of completeness, the Court notes that Plaintiff cannot state a *respondeat superior* claim because, as a matter of law, no such cause of action exists. *Gonzalez v. Nev. Dep't of Corr.*, Case No. 2:12-cv-02143-RFB-CWH, 2015 WL 4711108, at *7 (D. Nev. Apr. 6, 2015) (*respondeat superior* is not a cause of action, but a theory of liability). Plaintiff's claim alleging a violation of 42 U.S.C. § 1983 fails as this statute does not provide a cause of action. *Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).* To the extent Plaintiff is alleging a claim against Clark County in his Fourth Cause of Action titled "Municipal and Supervisor Liability," he fails to state this claim. *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978).[3]

---

[3] A plaintiff asserting a *Monell* claim against Clark County must allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Before a *Monell* claim will proceed, a plaintiff must also allege one of three theories of liability. *Thomas v. County of Riverside*, 763 F.3d 1167,

The Court finds no viable cause of action for "Wil[l]ful Misconduct." To the extent Plaintiff's willful misconduct claim was intended to state a gross negligence claim, that claim fails against David Brown. To the extent such claim is brought solely against Daniel Leal, the Court lacks both federal question (no federal question is presented) and diversity jurisdiction as Plaintiff does not demonstrate $75,000 in controversy. 28 U.S.C. § 1332(a) (federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States.").

The only federal claims Plaintiff attempts to assert are Sixth and Fourteenth Amendments due process claims that, when liberally construed, appears to complain of procedural due process violations that arose during Las Vegas Justice Court proceedings. That is, Plaintiff alleges a failure to provide him with adequate notice of a hearing "in violation of the timing requirements in Rule 6(d)" and a failure to comply with "service requirements under Section (5)" of the Nevada Rules of Justice Court. ECF No. 1-1 at 11.

Under § 1983 claim based on a lack of procedural due process, a plaintiff must allege "three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Here, Plaintiff admits he received notice of the hearing at which eviction would be considered, but complains that the Nevada Rules of Justice Court ("NJCR") required more notice than he was given. Specifically, Plaintiff says he received notice on July 9, 2025, of a hearing set for July 14, 2025. ECF No. 1-1 at 8. Thus, Plaintiff received notice of the hearing five days before the hearing date, but, as Plaintiff points out, service by electronic mail requires three additional days under NJCR 6(e).

---

1170 (9th Cir. 2014) (per curiam). A local governmental entity may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (internal citations omitted). Alternatively, local governments may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Id.* (citation omitted). Finally, local governments may be liable under Section 1983 when "the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (internal quote marks and citation omitted). Plaintiff alleges no facts at all that support a *Monell* claim. Moreover, courts are wary of *Monell* claims based on a single event because such claims are too close to *respondeat superior*, which the Supreme Court expressly rejected in *Monell*. *Monell*, 435 U.S. at 691; *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Nonetheless, "to plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process." *J.S. v. T'Kach,* 714 F.3d 99, 105 (2d Cir. 2013) (citing *Ahlers v. Rabinowitz,* 684 F.3d 53, 62 (2d Cir. 2012)). There is no dispute that an eviction from Plaintiff's living arrangement may have deprived him of property, but there is also no dispute that Plaintiff received notice and had an opportunity to appear and argue. ECF No. 1-1 at 8-9. Plaintiff does not plead that he was unable to attend or unable to prepare and argue, but only that there was a technical violation of the notice requirement, which he pointed out in a motion and letter to Hearing Master Brown, but which efforts were allegedly ignored. *Id*. Plaintiff raises no allegation that he was prejudiced in any way by the lack of three extra days allowed for notice under NJCR 6(e); nor that the lack of three days prevented him from being fully heard.

Numerous courts hold that a violation of a state or local procedural law governing notice does not by itself establish a violation of the constitutional due process requirement. *See, e.g.*, *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 366 (7th Cir. 2019) (rejecting procedural due process claim resting on argument that city issued notices did not comply with requirements of state law: "[T]here is no constitutional procedural due process right to state-mandated procedures."); *Onyx Props. LLC v. Bd. of Cnty. Comm'rs of Elbert County*, 838 F.3d 1039, 1044 (10th Cir. 2016) (rejecting procedural due process claim resting on failure to hold hearing with 14-day advance notice as required by state law: "A failure to comply with state or local procedural requirements does not necessarily constitute a denial of federal due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause.") (internal quotation marks omitted); *Tate v. District of Columbia*, 627 F.3d 904, 908 (D.C. Cir. 2010) ("That the District may have ... violated its own statutory notice requirement does not mean that it deprived [appellant] of the process due under the Fifth Amendment. The fact of a state law violation does not resolve whether a plaintiff has been deprived of due process.") (brackets and internal quotation marks omitted); *Log Creek, LLC v. Kessler*, 717 F. Supp. 2d 1239, 1245 (N.D. Fla. 2010) (failure to comply with county ordinance requiring notice by certified mail was not procedural due process violation;

"The Due Process Clause does not transform every violation of a state or local procedure into a constitutional violation.").

The facts alleged do not plead a procedural due process claim. Given the circumstances described, there is no likelihood that one could be pleaded based on receipt of notice five, rather than eight, days before a hearing, when no inability to prepare, attend, and be heard is suggested, let alone alleged.

### IV.    Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

### V.    Recommendation

IT IS HEREBY RECOMMENDED that all of Plaintiff's claims against Hearing Master David Brown be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's *respondeat superior* and 42 U.S.C. § 1983 standalone claims be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that all remaining claims be dismissed under the *Rooker-Feldman* Doctrine.

IT IS FURTHER RECOMMENDED that if the *Rooker-Feldman* Doctrine does not bar Plaintiff's claim, the Court abstain from hearing any remaining claims and dismiss this action without prejudice so that Plaintiff may refile the action after his state court proceedings conclude.

Dated this 8th day of September, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections

within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).